# NO. 12-15-00004-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RON SEALE, INDIVIDUALLY AND AS THE REPRESENTATIVE OF THE ESTATE OF CLARA LAVINIA SEALE, APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *HORACE TRUETT SEALE AND WIFE, NAN SEALE, APPELLEES* | § | *VAN ZANDT COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Ron Seale, individually and as the representative of the estate of Clara Lavinia Seale, appeals the trial court's dismissal of his suit against Horace Truett Seale and Nan Seale. We affirm.

## BACKGROUND

Ron Seale, individually and as representative of the estate of Clara Lavinia Seale, his mother, filed suit against his brother and sister-in-law, Horace Truett Seale and Nan Seale. He asserted that his mother's estate is the owner in fee simple of certain real property in Van Zandt County that was wrongfully deeded to Defendants in 1999 by their father. Ron requested the court to declare that Defendants have no right to the real property, or alternatively, declare the specific nature and value of any interest they have and that they be held to account to the estate for rents and profits received from the property. The trial court granted Defendants' motion to dismiss based on lack of jurisdiction.

## JURISDICTION

In his sole issue, Ron contends the trial court erred in dismissing his suit for want of jurisdiction. He argues that this is a declaratory judgment action in which he seeks an interpretation of a deed to determine its validity. He asserts that the Van Zandt County Court at Law has jurisdiction over this suit because his petition does not raise the issues of title or recovery of land.

A person interested under a deed may have questions of construction or validity determined by a court. TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a) (West 2015). If resolution of a dispute does not require a determination of which party held title at a particular time, the dispute can properly be raised in a declaratory judgment action. *I-10 Colony, Inc. v. Lee*, 393 S.W.3d 467, 475 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). However, when title to real property is at issue in a suit, trespass to try title is the exclusive remedy. TEX. PROP. CODE ANN. § 22.001(a) (West 2014).

In his petition, Ron claimed that his mother's estate owns the land at issue and, although Defendants possess the land, they have no right or title to the property. He asked the court to construe a 1999 instrument signed by his father that purportedly conveyed the land to Defendants and to declare that Defendants have no right to the property, at law or in equity. Alternatively, he asked the court to declare the specific nature and value of any interest Defendants have in the property.

Ron filed a notice of *lis pendens* in this case stating that "[t]he action seeks to establish title to the real property the subject of this suit; to obtain a declaratory judgment that determines the interest of the heirs in the property and to seek partition of that interest." In spite of his claims to the contrary, Ron is asking for an adjudication of title to the real property. He wants the county court at law to declare that title is in his mother's estate.

The County Court at Law of Van Zandt County is a statutory county court. TEX. GOV'T CODE ANN. § 25.2361 (West Supp. 2014). A statutory county court has the same jurisdiction as a constitutional county court. TEX. GOV'T CODE ANN. § 25.0003(a) (West Supp. 2014). A county court does not have jurisdiction in a suit for the recovery of land. TEX. GOV'T CODE ANN. § 26.043(8) (West 2004). The Van Zandt County Court at Law has concurrent jurisdiction with the district court in certain enumerated matters. TEX. GOV'T CODE ANN. § 25.2362 (West Supp. 2014). Recovery of land is not among those matters. A statutory county court has no

jurisdiction over cases in which the gist of the plaintiff's claim is an adjudication of title, even if the judgment sought does not include an express grant of relief with respect to title. *See Merit Mgmt. Partners I, L.P. v. Noelke*, 266 S.W.3d 637, 647 (Tex. App.—Austin 2008, no pet.). Accordingly, because Ron's cause of action is a suit for the recovery of land, the Van Zandt County Court at Law does not have jurisdiction over the cause of action. We overrule Ron's sole issue.

## DISPOSITION

Having overruled Ron's sole issue, we *affirm* the trial court's order of dismissal.

BRIAN HOYLE
Justice

Opinion delivered July 22, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 22, 2015**

**NO. 12-15-00004-CV**

**RON SEALE, INDIVIDUALLY AND AS THE
REPRESENTATIVE OF THE ESTATE OF CLARA LAVINIA SEALE,**
Appellant
V.
**HORACE TRUETT SEALE AND WIFE, NAN SEALE,**
Appellees

Appeal from the County Court at Law
of Van Zandt County, Texas (Tr.Ct.No. CV04637)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the order of dismissal.

It is therefore ORDERED, ADJUDGED and DECREED that the order of dismissal of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **RON SEALE**, for which execution may issue, and that the decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*